**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATEO PINEDA GARCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1170

Agency No.
A205-716-501

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Mateo Pineda Garcia ("Pineda"), a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his motion to remand and dismissing his appeal of an immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We review the BIA's denial of asylum, withholding of removal, and CAT protection for substantial evidence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and its denial of a motion to remand for abuse of discretion, *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      Pineda forfeited his challenge to the BIA's denial of CAT relief. The BIA determined that Pineda did "not meaningfully challenge the denial of protection under the CAT" and deemed the issue waived. Pineda fails to "specifically and distinctly" address the BIA's waiver determination, and therefore forfeits any challenge to it. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

2.      Pineda waived his challenge to the BIA's determination that his asylum claim is statutorily barred. The BIA affirmed the IJ's findings that Pineda's asylum application was untimely and found that he waived the issue. Pineda does not object to these findings. Thus, he waived the issue. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1260 (9th Cir. 1996).

3.      Substantial evidence supports the BIA's denial of Pineda's withholding of removal claim. The BIA found that there was insufficient evidence in the record to establish that Pineda's proposed particular social group ("PSG")—"former Mexican taxi and bus drivers who have been and could be targeted by gangs"—is

socially distinct.[1] "Recognition of a group is determined by 'the perception of the society in question, rather than by the perception of the persecutor.'" *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Rios v. Lynch*, 807 F.3d 1123, 1127 (9th Cir. 2015)). Pineda provided testimonial and other evidence that taxi and bus drivers are victims of gang violence and robberies. Even if this evidence indicates that robbers target taxi and bus drivers, it does not establish that Mexican society views them as a distinct group. *See Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020). Because Pineda's PSG is not socially distinct, it is not cognizable, and he cannot prove past persecution or a well-founded fear of future persecution on account of a protected status. *See Conde Quevedo*, 947 F.3d at 1242–44.

4.      The BIA did not abuse its discretion in denying the motion to remand. Because the BIA relied on other law to find Pineda's PSG not cognizable, the vacatur of two BIA decisions cited by the IJ did not materially affect Pineda's claims and remand was unnecessary. *Cf. Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1115–16 (9th Cir. 2024) (finding that the BIA abused its discretion when it denied a motion to remand based on a change in law that provided petitioner with new eligibility for relief). Thus, the BIA did not act "arbitrarily, irrationally, or contrary to law" in

---

[1]      The BIA did not err in declining to consider Pineda's argument that he would also be harmed on the basis of "imputed political opinion" because he did not raise this protected status before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

denying Pineda's motion to remand. *Alcarez-Rodriguez*, 89 F.4th at 759 (quoting

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005)).

The petition is **DENIED.**